## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NATHANIEL K. OWUSU,

        **Plaintiff,**                **CIVIL ACTION NO. 16-cv-12490**

        **v.**                       **DISTRICT JUDGE JUDITH E. LEVY**

**MICHIGAN DEPARTMENT OF**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRECTIONS PAIN**
**MANAGEMENT COMMITTEE, et al.,**

        **Defendants.**

_____/

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [52] AND MOTIONS TO COMPEL DISCOVERY FROM PLAINTIFF [71] [83]

      Plaintiff Nathaniel K. Owusu, a state inmate in the custody of the Michigan Department of Corrections (MDOC), filed this *pro se* prisoner civil rights action against Defendants Michigan Department of Corrections Pain Management Committee (PMC), Corizon Health, Inc., Gary R. Kerstein, William C. Borgerding, Keith Papendick, M.D., Craig Hutchinson, M.D., Timothy Kangas, Teri Byrne, Corey Grahn, N.P., Bryan D. Buller, M.D., Teresa Merling, Michael A. Millette, Susan N. Wilson, N.P., Danielle M. Paquette, P.A., Michael Brown, Heather Haapala, Oliver L. Johnston, and Connie D. Lester on June 30, 2016, pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. (Docket no. 1; docket no. 1-1.)[1] Generally, Plaintiff alleges that while he was incarcerated at the Michigan Reformatory (RMI) in Ionia, Michigan, the Chippewa Correctional Facility (URF) in Kincheloe, Michigan, and the Lakeland Correctional Facility (LCF) in Coldwater, Michigan

---

[1] Defendant Kerstein has not yet been served despite numerous attempts by this Court and the United States Marshals Service.

from 2011 to 2016, Defendants denied him adequate medical treatment for his pain and liver disease.  (*See id.*)

This matter comes before the Court on three motions filed by Defendants Corizon, Papendick, Hutchinson, Buller, Grahn, Wilson, Paquette, Millette, and Johnston (the Corizon Defendants):  a Motion for HIPAA Disclosure Order and/or Qualified Protective Order (docket no. 52), and two Motions to Compel Discovery from Plaintiff (docket nos. 71 and 83).  Plaintiff did not respond to Defendants' Motion for Protective Order.  Plaintiff did respond, however, to both of Defendants' Motions to Compel (docket nos. 73 and 86), and Defendants replied to Plaintiff's Responses (docket nos. 74 and 92).  This action has been referred to the undersigned for all pretrial purposes.  (Docket no. 8.)  The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.      **Motion for HIPAA Disclosure Order and/or Qualified Protective Order [52]**

Through their Motion, the Corizon Defendants argue that to proceed properly in this matter, where Plaintiff alleges that he did not receive timely and/or appropriate treatment for his neck, back, and shoulder pain, "it is necessary for Defendants herein to discuss Plaintiff's medical conditions/treatment and the anticipated testimony with Plaintiff's health care providers."  (Docket no. 52 at 13, 18-19.)  Defendants therefore seek the entry of a qualified protective order allowing them to engage in *ex parte* communications with Plaintiff's health care providers.[2]  Notably, Defendants point out that qualified protective orders permitting *ex parte* communications with health care providers are contemplated by HIPAA and are regularly

---

[2] Defendants make clear in their Motion that they seek entry of a protective order solely for the purpose of engaging in *ex parte* communications with Plaintiff's health care providers, not for the purpose of obtaining Plaintiff's medical records from his health care providers.  (Docket no. 52 at 18.)  They assert that the normal discovery process "works perfectly fine" for obtaining medical records.  (*Id.*)

allowed by federal courts. (*Id.* at 13-19 (citing 45 C.F.R. §164.512; *Croskey v. BMW of N. Am.*, No. 02-73747, 2005 WL 4704767 (E.D. Mich. Nov. 10, 2005); *Shropshire v. Laidlaw Transit, Inc.*, No. 06-10682, 2006 WL 6323288 (E.D. Mich. Aug. 1, 2006); *Brigham v. Colyer*, No. 09-2210-JWL-DJW, 2010 WL 2131967 (D. Kan. May 27, 2010)).)

By failing to respond to Defendants' Motion, Plaintiff has waived any objection. Moreover, the Court agrees with Defendants that entry of a qualified protective order is appropriate and that Defendants' proposed protective order aligns with the requirements of HIPAA and applicable case law. Therefore, the Court will grant Defendants' Motion.

## II.    Motions to Compel Discovery from Plaintiff [71] [83]

The Corizon Defendants served their First Set of Interrogatories and Requests for Production (RFPs) on Plaintiff on October 25, 2016. (Docket no. 71 at 10; docket no. 71-1.) They served their Second Set of Requests for Production on Plaintiff on December 5, 2016. (*Id.*; docket no. 71-2.) The Second Set consisted of one RFP for a signed authorization of the release of Plaintiff's medical records from the MDOC, which Defendants subsequently amended and re-served upon Plaintiff on December 9, 2016. (*Id.*; docket no. 71-3.) On January 12, 2017, having not received responses from Plaintiff, the Corizon Defendants filed the instant (and their first) Motion to Compel Discovery from Plaintiff, seeking Plaintiff's full and complete responses to the aforementioned discovery requests. (Docket no. 71.)

In response, Plaintiff sent Defendants' counsel a letter on January 18, 2017, in which he advised that he was working on their interrogatories and claimed that his delay in responding was due to the fact that he is "a *pro se* prisoner laboring under the heavy burden of illness, infirmity, and severe, debilitating pain." (Docket no. 73 at 11.) Plaintiff further advised that he would have appreciated it if Defendants had concurred with him directly before filing the

Motion, in accordance with Federal Rule of Civil Procedure 37(a)(1). (*Id*.) Additionally, Plaintiff enclosed with his letter the signed authorization for the release of his medical records from the MDOC, and he asked Defendants for an additional thirty days to fully respond to their other pending requests. (*Id*.)

Plaintiff also filed a formal response to Defendants' Motion with the Court on February 7, 2017. (Docket no. 73.) In his Response, Plaintiff asserts that the Motion should be denied because Defendants failed to seek concurrence from Plaintiff before filing the Motion in accordance with Federal Rule of Civil Procedure 37(a)(1) and Eastern District of Michigan Local Rule 7.1. (*Id*.) Plaintiff claims that had Defendants properly sought concurrence, he would have informed them that his delay was not dilatory and that he was endeavoring in good faith to comply with their requests. (*Id*. at 8.) Defendants replied to Plaintiff's Response on February 14, 2017, arguing that it had been more than 113 days since they served their First Set of Interrogatories and Requests for Production upon Plaintiff, and they had still not received Plaintiff's responses, which demonstrated Plaintiff's unwillingness to engage in a good faith effort to comply with their requests. (Docket no. 74.)

On February 13, 2017, Plaintiff sent another letter to Defendants' counsel, in which he informed that he would not sign the Minute Man Services, Inc. authorization forms for the release of his medical, employment, or educational information (*see* RFP no. 1 of Defendants' First Set of Requests for Production) because he was concerned about the re-disclosure clause printed on the forms. (Docket no. 86 at 22-23.) The re-disclosure clause states, "Information obtained with this release may be subject to re-disclosure by the recipient and will no longer be protected by rule 164.508(c) of the HIPAA regulations." (*See, e.g.,* docket no. 71-1 at 21.) In his letter, Plaintiff claimed that he was "loathe to authorize such a release that waives [his]

privilege subject to further unauthorized release." (Docket no. 86 at 22.) He also claimed that Defendants were already in possession of some of the information they sought to obtain through the Minute Man authorizations because it was part of his MDOC medical records, and with regard to the remaining information, he was willing to provide it through means other than the Minute Man Services authorization forms. (*Id*.) Plaintiff then reiterated that he would not agree to any disclaimer that authorized the re-disclosure of his medical information. (*Id*.) According to Plaintiff, Defendants never responded to his concerns regarding the re-disclosure clause, and he therefore did not provide the requested signed authorizations. (Docket no. 86 at 9.)

While Defendants' first Motion to Compel was pending, they served their Third Set of Requests for Production of Documents on Plaintiff on June 5, 2017. (Docket no. 83 at 11; docket no. 83-1.) The Third Set consists of one RFP for a signed authorization form for the release of Plaintiff's medical records from War Memorial Hospital in Chippewa County, Michigan. (*Id*.) The authorization form is a Minute Man Services, Inc., form, substantially similar to the forms at issue with regard to Defendants' First Set of Requests for Production, and it contains the same re-disclosure clause. (Docket no. 83-1 at 4.) Plaintiff responded to Defendants' Third Set of Requests for Production in a June 21, 2017 letter, again stating that he would not authorize the release of any records that are subject to re-disclosure by the recipient. (Docket no. 83-2 at 1.) He also informed that the only contact that he ever had with War Memorial Hospital was for an EMG performed by Dr. Robert Spitzer on March 31, 2014, the records of which were included in his MDOC medical records and are already in Defendants' possession. (*Id*.)

Defendants then filed their second Motion to Compel on June 28, 2017, with regard to their Third Set of Requests for Production.[3]  (Docket no. 83.)  Plaintiff filed a Response (1) opposing Defendants' Motion again on the basis that they failed to seek concurrence; and (2) seeking a protective order against Defendants' "attempt to force [P]laintiff to authorize the release of certain medical records subject to redisclosure by a third party, Minute Man Services, Inc., in violation of the Health Information Portability and Accountability Act (HIPAA), which records the defendants already possess via a previously authorized release."  (Docket no. 86 at 1.)  Defendants replied to Plaintiff's Response, but did not directly address Plaintiff's concerns about authorizing the re-disclosure of his medical information.  (Docket no. 92.)  Instead, Defendants assert that "Plaintiff's continued refusal to provide access to his medical records based on the 'redisclosure' provision underscores that Plaintiff will only provide a signed release if ordered to do so."  (*Id*. at 4 (citation omitted).)

According to Plaintiff, he served his responses to Defendants' First Set of Interrogatories and Requests for Production upon Defendants on February 23, 2017 (except for the signed Minute Man Services, Inc. authorization forms).  (Docket no. 86 at 9, 24-40.)  And as noted above, Plaintiff has signed and produced to Defendants the authorization for the release of his medical records from the MDOC, which was the subject of Defendants' Second Set of Requests for Production.  (*See* docket no. 73 at 11.)  Thus, it appears that the only remaining issue is whether Plaintiff should be compelled to sign the Minute Man Services, Inc. authorization forms for the release of his medical, employment, and educational information, which are the subject of Defendants' RFP no. 1 in their First Set of Requests for Production and the sole RFP in their Third Set of Requests for Production.

---

[3] Interestingly, the Legal Argument portion of Defendants' brief in support of their second Motion to Compel is a mirror image of the argument made in their first Motion to Compel, and it does not in any way relate to Defendants' Third Set of Requests for Production.  (*Compare* docket no. 83 at 13 *with* docket no. 71 at 12.)

Defendants' RFP no. 1 of their First Set of Requests for Production asks Plaintiff to complete the Minute Man Services, Inc. authorization forms so that Defendants may obtain copies of Plaintiff's medical, employment, and educational records from each of the health care providers, employers, and educational institutions that Plaintiff identified in his responses to Defendants' Interrogatory nos. 1-4. (Docket no. 71-1 at 15.) The RFP contained in Defendants' Third Set of Requests for Production asks Plaintiff to produce a signed Minute Man Services, Inc. authorization form for the release of his medical records from Chippewa County War Memorial Hospital. (Docket no. 83-1.) The Court has reviewed Defendants' Interrogatory nos. 1-4 in conjunction with the aforementioned RFPs and finds that the records sought by Defendants are relevant to Plaintiff's Eighth Amendment claims and Defendants' defenses thereto and that they are proportional to the needs of this case. The Court is therefore inclined to grant Defendants' Motions to Compel and order Plaintiff to produce the signed Minute Man Services, Inc. authorization forms for the release of his medical, employment, and educational records in accordance with Defendants' Requests for Production.

Plaintiff argues that he should not be compelled to produce the signed authorizations because Defendants' counsel failed to confer with him before filing the instant Motions. Pursuant to Eastern District of Michigan Local Rule 7.1(a)(2)(C), however, Defendants' counsel was not required to seek concurrence because Plaintiff is an incarcerated prisoner proceeding *pro se*. Plaintiff also argues that some of the records Defendants seek through the Minute Man Services forms are already in Defendants' possession because they are also part of his MDOC medical records. Plaintiff's argument in this regard is unconvincing, especially where Plaintiff asserted at one point that the only existing records from War Memorial Hospital related to an

EMG performed by Dr. Robert Spitzer, and he then later admitted to having a liver ultrasound performed at War Memorial Hospital. (*Compare* docket no. 83-2 at 1 *with* docket no. 86 at 12.)

Plaintiff further argues against production of the signed authorizations because of the standard re-disclosure clause printed on the Minute Man Services forms. The Court understands Plaintiff's concerns regarding the re-disclosure of his private medical information, and to address those concerns in granting Defendants' Motions to Compel, the Court will order that any information obtained by Minute Man Services, Inc. pursuant to Plaintiff's signed releases of his records may be disclosed only to Defendants' counsel, the employees of Defendants' counsel, or experts retained by Defendants; that such records may be used only for the purposes of this litigation; and that the records must be destroyed upon the conclusion of this litigation.

**IT IS THEREFORE ORDERED** that Defendants' Motion for HIPAA Disclosure Order and/or Qualified Protective Order [52] is **GRANTED**. Defendants will re-caption their proposed protective order at docket no. 52-1 as "HIPAA QUALIFIED PROTECTIVE ORDER" and submit it to the Court via the Utilities function of CM/ECF for entry within seven (7) days of this Opinion and Order.

**IT IS FURTHER ORDERED** that the Corizon Defendants' Motions to Compel Discovery from Plaintiff [71] and [83] are **GRANTED** as follows:

a. Plaintiff is ordered to complete a separate Minute Man Services, Inc. authorization form for the release of his records from each health care provider, employer, and educational institution that he identified in response to Defendants' Interrogatory nos. 1-4 (by filling in the "To:" line on the form with the name of the provider, employer, or institution), sign and date those forms, and produce them to the Corizon Defendants within thirty (30) days of this Opinion and Order;

b.  Plaintiff is also ordered to sign the Minute Man Services, Inc. authorization form for the release of his medical records from Chippewa County War Memorial Hospital and produce it to the Corizon Defendants within thirty (30) days of this Opinion and Order; and

c.  Any information obtained by Minute Man Services, Inc. pursuant to Plaintiff's signed releases of his records may be disclosed only to Defendants' counsel, the employees of Defendants' counsel, or experts retained by Defendants; such records may be used only for the purposes of this litigation; and the records must be destroyed upon the conclusion of this litigation

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  September 7, 2017          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated:  September 7, 2017          s/ Lisa C. Bartlett
                                   Case Manager