# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Nathaniel K. Owusu,

              Plaintiff,        Case No. 16-cv-12490

v.                               Judith E. Levy
                                  United States District Judge

Michigan Department of
Corrections Pain Management    Mag. Judge Mona K. Majzoub
Committee, Corizon Health, Inc.,
William C. Borgerding, Keith
Papendick, Craig Hutchinson,
Timothy Kangas, Teri Byrne,
Corey Grahn, Bryan D. Buller,
Teresa Merling, Michael A.
Millette, Susan N. Wilson,
Danielle M. Paquette, Brown,
Heather Haapala, Oliver L.
Johnston, and Connie D. Lester,

              Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [95]

On September 5, 2017, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation (Dkt. 95) that recommended the Court: deny the Corizon defendants' (Corizon Health, Inc., Papendick, Hutchinson, Buller, Grahn, Wilson, and Paquette) motion to dismiss

(Dkt. 37), grant the Michigan Department of Corrections ("MDOC") defendants' (MDOC Pain Management Committee, Kangas, Byrne, Merling, Brown, Haapala, and Lester) motion to sever (Dkt. 60) as to Claims VIII and XI of the complaint and deny it as to all other claims, deny plaintiff Nathaiel K. Owusu's motion for default judgment (Dkt. 66) and motion to strike (Dkt. 69), and deny as moot the MDOC defendants' motion for a protective order. (Dkt. 75.)

Also pending are the Corizon defendants' motion for leave to file an untimely reply in support of their objections (Dkt. 114), and plaintiff's motion to strike the motion for leave to file an untimely reply. (Dkt. 116.)

## I. Background

The parties do not object to the factual background set forth in the Report and Recommendation. (Dkt. 95 at 3-4.) Accordingly, the Court adopts that background in its analysis.

## II. Standard

After a Magistrate Judge issues a Report and Recommendation, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and

recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

### III. Analysis

Plaintiff has filed a single objection: that the Report and Recommendation erred in severing Claims VIII and XI asserted against defendants Kangas, Haapala, and Lester. (Dkt. 100.)

The Corizon defendants have filed three objections: (1) the Magistrate Judge erred in concluding that plaintiff's claims were not barred by *res judicata*; (2) the Magistrate Judge erred in concluding that plaintiff stated a claim for civil conspiracy; and (3) the Magistrate Judge erred in holding that Corizon Health and the Michigan Department of Corrections are not the same entity. (Dkt. 98.)

### A. Motion to File an Untimely Reply

Defendants' reply regarding their objections was filed on December 6, 2017, in their motion seeking leave to file the reply. (Dkt. 114.) The reply was due on or before October 2, 2017. Defendants' only reason for filing the reply over two months late was "an inadvertent error or oversight." (*Id.* at 2.) Defendants are represented by experienced counsel, and fail to offer any reason why the Court should excuse a two-month delay in filing their reply, particularly when these same defendants filed a motion for the Court to sanction plaintiff on October 17, 2017 (Dkt. 109), and a reply in support of that motion on November 13, 2017 (Dkt. 113), which shows that defendants and their counsel were paying attention to this matter several weeks before they realized their reply was untimely. The Court will deny defendants' motion for leave to file their untimely reply, and deny plaintiff's motion to strike defendants' motion for leave (Dkt. 116) as moot.

### B. The Magistrate Judge Did Not Err in Granting The Motion to Sever as to Kangas, Haapala, and Lester

Plaintiff objects that Claim VIII, in which he alleges that Kangas retaliated against him for exercising his First Amendment right to use

4

his legal name and have that name reflected in his medical records (Dkt. 1 at 101-109), and Claim XI, in which he alleges that Haapala and Lester denied him access to his medical records. (Dkt. 1-1 at 28-38.) Plaintiff argues that these claims arose out of the same transactions or occurrences as his medical care claims, which make up the bulk of his complaint.

The majority of plaintiff's complaint concerns a conspiracy between the defendants to deny him necessary medical care from 2010 through the filing of the lawsuit. (Dkt. 1 at 8.) Claims VIII and XI do not concern this conspiracy, but instead other discrete acts governed by different legal standards from plaintiff's denial-of-care claims that occurred during the period in which plaintiff alleges that he was also denied medical care. As the Magistrate Judge correctly stated in her analysis, claims that involve distinct factual scenarios, different time periods, and different legal standards should be severed from a complaint. *See* Fed. R. Civ. P. 20(a)(2); *Prince v. Elum*, Case No. 12-cv-15526, Dkt. 4 at 7 (E.D. Mich. Jan. 14, 2013; *George v. Smith*, 507 F.3d 605, 606-07 (7th Cir. 2007).

These claims are related to plaintiff's medical care, but do not arise out of the same events giving rise to his denial-of-care claims. Further, as First Amendment and Michigan state law claims, they involve wholly different legal standards than plaintiff's other claims. Plaintiff cites *Cary v. Robinson*, Case No. 13-cv-431, Dkt. 47 (W.D. Mich. Sept. 23, 2014) in support of his argument that these claims should not be severed. In *Cary*, the plaintiff alleged that a First Amendment retaliation claim arose directly out of a claim that prison staff took his religious medicine bag. *Id*. at 3. Those claims were kept together and not severed. *Id*.

That court did, however, sever a claim that he was denied medical and dental treatment from the plaintiff's retaliation and Religious Land Use And Institutionalized Persons Act claims. *Id*. at 2-3. Just as in this case, the *Cary* court determined that a denial of medical care claim should be severed from claims alleging retaliation in violation of the First Amendment, among other claims.

The Court overrules plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation as to the severance of Claims VIII and XI.

## *C. The Magistrate Judge Did Not Err in Determining That Plaintiff's Claims Against The Corizon Defendants Are Not Barred by* Res Judicata

The Corizon defendants argue that the Magistrate Judge erred in determining that plaintiff's claims are not barred by *res judicata*. Plaintiff filed a previous actions in this district: *Owusu v. Pandya*, Case No. 09-cv-13511. In that case, filed in 2009, plaintiff alleged that he was denied adequate medical care because he was not provided with Ultram, a prescription pain medication. The *Pandya* court determined that summary judgment was warranted as to plaintiff's claims regarding inadequate medical care. *Porter v. Pandya*, Case No. 09-cv-13511, 2010 WL 3464709 (E.D. Mich. Aug. 31, 2010).

"A final judgment on a claim is res judicata and bars relitigation between the same parties or their privies on the same claim." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). "It bars relitigation on every issue actually litigated or which could have been raised with respect to that claim. To constitute a bar, there must be an identity of the causes of action[;] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Id.* (citations omitted).

The Corizon defendants argue that because plaintiff mentions Ultram and his underlying medical conditions at various points in his complaint, every claim in his complaint should have been asserted in 2009. However, the Court's review of plaintiff's complaint makes clear that, at this juncture, *res judicata* does not bar his complaint.

For instance, in Claim VII, alleging a policy, practice, and custom of deliberate indifference to plaintiff's medical needs, plaintiff alleges that defendants removed Ultram from the formulary. (Dkt. 1 at 85.) However, plaintiff also alleges that defendants "reduced to near-zero the use of MRIs, and other imaging tools" that would have been useful in treating his condition, which was not alleged in plaintiff's prior lawsuit. (*Id*.) Plaintiff also mentions policy changes and failure to comply with state guidelines that allegedly led to or exacerbated the denial of necessary medical care. The relevant changes and guidelines, according to the complaint, were not adopted until 2013 at the earliest – four years after plaintiff filed his first lawsuit, and three years after final judgment was entered in that lawsuit. (*Id*. at 85-86.) Plaintiff mentions specific denials of medical care that occurred in 2014 and

8

2015. (*Id.* at 87-88.) He further mentions substantial changes in his condition that began in 2012. (*Id.* at 88.)

The Corizon defendants do not address the depth or breadth of the new allegations and events alleged in the complaint that could not have been asserted in 2009. Instead, they rely on plaintiff's periodic references to the denial of Ultram, litigated in his previous case, to allege that every new allegation in his current complaint should have been litigated in his prior case. On review of the complaint, the Court views plaintiff's references to the denial of Ultram beginning in 2009 as background facts supporting his new claims, which are based on facts and evidence that did not exist in large part until years after plaintiff finished litigating his previous case. It may become clear later that plaintiff's claims are, in reality, an effort to re-litigate *Pandya*, but at this juncture, they appear to be distinct claims that are not barred by *res judicata*. This objection is overruled, and the Magistrate Judge's Report and Recommendation is adopted as to this point.

### D. The Magistrate Judge Did Not Err in Disregarding The Corizon Defendants' Undeveloped Argument Regarding Insufficient Pleading of The Civil Conspiracy Claim

9

In their motion to dismiss, the Corizon Defendants argued that plaintiff's civil conspiracy claim, Claim IX, should be dismissed. (Dkt. 37 at 22.) Their argument was that the allegations in his complaint "fail[ed] to meet the minimum pleading requirements necessary to support a civil conspiracy claim; and as a result, this Court should dismiss this claim." (*Id.*) The Corizon defendants then argued that the claim was barred by the intra-corporate conspiracy doctrine. (*Id.* at 22-23.)

The Corizon defendants now object and state that their cursory allegation of inadequate pleading was a completely separate argument for dismissal from their intra-corporate conspiracy argument. The Corizon defendants argue that the Magistrate Judge overlooked their single-sentence argument about the insufficiency of plaintiff's allegation, and that plaintiff failed to respond to this separate argument, thereby waiving any objection to dismissal of the civil conspiracy claim.

Asserting that a plaintiff has failed to meet the pleading standards necessary to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without specifically indicating how or why the pleading is

insufficient is not an argument a plaintiff can respond to, nor is it an argument a court can analyze. Further, the motion to dismiss was written in a manner that appeared to argue that the civil conspiracy claim failed to meet the pleading requirements under Fed. R. Civ. P. 12(b)(6) *because* it alleged an intra-corporate conspiracy. (Dkt. 37 at 22-24.) It was entirely reasonable for the plaintiff and the Magistrate Judge to read that section of the motion to dismiss as presenting only an argument regarding intra-corporate conspiracy. Either way, the Corizon defendants failed to make any argument regarding the insufficiency of the pleading other than the intra-corporate conspiracy argument. Neither plaintiff nor the Magistrate Judge had any obligation – or ability – to address arguments that were not made in the motion to dismiss.

The Magistrate Judge did not err in her analysis that the Corizon defendants "[did] not provide any factual analysis to support their argument in this regard." (Dkt. 95 at 9.) This objection is overruled, and the Report and Recommendation is adopted as to this point.

> ### *E. The Magistrate Judge Did Not Err in Determining That The Intra-corporate Conspiracy Doctrine Does Not Apply*

The Corizon defendants argue that the Magistrate Judge erred in relying on *Vinson v. Mich. Dep't of Corr.*, Case No. 14-cv-11130, 2015 WL 9897844 (E.D. Mich. Oct. 30, 2015) in determining that plaintiff's civil conspiracy claims are not barred by the intra-corporate conspiracy doctrine. In *Vinson*, Magistrate Judge Michael Hluchaniuk determined that the defendants in that case did "not explain how MDOC and Corizon are the 'same legal entity'," and that it was "clear that they are not." *Id.*, at *10.

The intra-corporate conspiracy doctrine states that "an entity cannot conspire with its own agents or employees." *United Food & Commercial Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 753 (6th Cir. 2004) (citation omitted). The Corizon defendants argue that Corizon and the MDOC "make up the relevant legal *entity* in this matter," and direct the Court to the contract between Corizon and the State of Michigan to argue that Corizon and its employees are agents of the State of Michigan and/or MDOC. (Dkt. 98 at 13 n.3.) As set forth in *Vinson*, they are not.

The contract between the State of Michigan and Corizon states:

**2.027 Relationship of the Parties** The relationship between the State and Contractor is that of client and

12

> independent contractor. No agent, employee, or servant of Contractor or any of its Subcontractors must be or must be deemed to be an employee, agent or servant of the State for any reason. Contractor will be solely and entirely responsible for its acts and the acts of its agents, employees, servants and Subcontractors during the performance of the Contract.

State of Michigan Contract No. 071B9200147 at 76, *available at* http://www.michigan.gov/documents/buymichiganfirst/9200147_266870_7.pdf (last viewed on January 30, 2018). By the express terms of the contract governing the relationship between Corizon and the State of Michigan, neither Corizon nor its employees are part of the "same legal entity" as the State of Michigan.[1] Further, the Sixth Circuit has declined to extend the intra-corporate conspiracy doctrine to claims brought under 42 U.S.C. § 1983, as plaintiff's civil conspiracy claim is. *Woodcock v. City of Bowling Green*, 679 F. Appx. 419, 425 (6th Cir. 2017).

This objection is overruled, and the Magistrate Judge's Report and Recommendation is adopted as to this point.

### ***F. Borgerding and Kerstein's Motions to Sever***

---

[1] The Court notes that for the purposes of constitutional claims asserted via 42 U.S.C. § 1983, a private actor may be deemed to act under color of state law for their joint engagement with the state in prohibited actions. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). This does not make the private actor an agent or officer of the state. *Id*.

Due to service issues, defendant William C. Borgerding was not able to join in the MDOC defendants' motion to sever. (Dkt. 60; *see also* Dkts. 62 (directing service as to Borgerding) and 63 (acknowledging receipt of service of process by Borgerding).) Defendant Gary R. Kerstein was likewise unable to join in that original motion. (*See* Dkts. 62, 63, 72, 101.)

Borgerding, an MDOC employee, seeks to join in that motion to sever. (Dkt. 97.) Borgerding is named as a defendant in relation to Claim IV. (Dkt. 1 at 45-60.) Kerstein, also an MDOC employee, also seeks to join in that motion to sever. (Dkt. 119.) Kerstein is named as a defendant in relation to Claims IV, V, VI, and IX. (Dkt. 1 at 45-84, 109-110; Dkt. 1-1 at 1-22.)

For the reasons set forth in the Report and Recommendation determining that severance of these claims is not warranted (Dkt. 95 at 12-14) and adopted here, Borgerding and Kerstein's motions are denied.

IV. **Conclusion**

For the reasons set forth above, it is hereby ordered that:

Both plaintiff and defendants' objections are OVERRULED;

The Report and Recommendation (Dkt. 95) is ADOPTED;

The Corizon defendants' motion to dismiss (Dkt. 37) is DENIED;

The MDOC defendants' motion to sever (Dkt. 60) is GRANTED as to Claims VIII and XI of the complaint and DENIED with regard to the other claims;

Claims VIII and XI and defendants Kangas, Haapala, and Lester are SEVERED AND DISMISSED WITHOUT PREJUDICE;

Plaintiff's motions for default judgment (Dkt. 66) and to strike (Dkt. 69) are DENIED;

The MDOC defendants' motion for a protective order (Dkt. 75) is DENIED AS MOOT;

Borgerding and Kerstein's motions to sever (Dkts. 97, 119) are DENIED; and

The Corizon defendants' motion for leave to file an untimely reply (Dkt. 114) is DENIED and plaintiff's motion to strike the motion for leave (Dkt. 116) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: February 8, 2018  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2018.

                                      s/Shawna Burns
                                      SHAWNA BURNS
                                      Case Manager