## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Nathaniel K. Owusu,
a.k.a. Nathaniel Porter,

      Plaintiff,  Case No. 16-cv-12490

v.          Judith E. Levy
           United States District Judge

Michigan Department of
Corrections Pain Management  Mag. Judge Mona K. Majzoub
Committee, et al.,

      Defendants.

_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION [194], DENYING PLAINTIFF'S OBJECTIONS [198], AND DENYING PLAINTIFF'S MOTION TO EXPAND RECORD [205]

Before the Court are two motions for summary judgment. First is

defendants Corizon Health, Inc., Keith Papendick, M.D., Susan Wilson,

N.P., Bryan Buller, M.D., Corey Grahn, N.P., Danielle Paquette, P.A.,

Michael Milette, P.A., Craig Hutchinson, M.D., and Oliver Johnson,

M.D.'s (together, the "Corizon defendants") motion for summary

judgment. (ECF No. 155, PageID.1969.) Second is defendants the

Michigan Department of Corrections ("MDOC") Pain Management

Committee, William Borgerding, Gary Kerstein, Teri Byrne, Theresa

1

Merling, and Michael Brown's (together, the "MDOC defendants") motion for summary judgment. (ECF No. 185, PageID.3519.)

Magistrate Judge Mona K. Majzoub issued a report and recommendation on July 19, 2019 ("R&R"), recommending that the motions be granted, and the case be dismissed. (ECF No. 194, PageID.4102.) Plaintiff Nathaniel K. Owusu filed four objections to the R&R on August 14, 2019. (ECF No. 198, PageID.4156.) Owusu's filing contained an objection to Judge Majzoub's separate opinion and order of July 19, 2019, denying his motion to strike the Corizon defendants' reply in support of their motion for summary judgment.[1] (ECF No. 193.)

For the reasons set forth below, Owusu's objections are overruled. Both motions for summary judgment are granted and the case is dismissed with prejudice.

## I. Background

Owusu filed this action on June 30, 2016, bringing thirteen counts against defendants alleging violations of his First, Eighth, and

---

[1] On August 15, 2019, Owusu filed another motion to strike the defendants' reply. (ECF No. 199, PageID.4277.) On September 23, 2019, Owusu withdrew that motion. (ECF No. 207, PageID.4341.) On September 16, 2019, he filed a motion to expand record, which is denied as moot. (ECF No.205, PageID.4311.)

Fourteenth Amendment rights related to his medical treatment while in prison. (ECF No. 1.) Owusu's claims are more fully set forth in the R&R (ECF No. 194, PageID.4103–4105), but include counts for grossly inadequate medical treatment, delay and denial of treatment for serious medical conditions, retaliation, and deliberate indifference resulting in infliction of pain. (ECF No. 1.) Owusu alleges that he suffers from, among other conditions, degenerative musculoskeletal disease that causes him chronic pain. (ECF No. 1, PageID.7–9.) Owusu initiated several grievances relating to his medical care, as set forth below, and this case relates to the subject matter set forth in those grievances.

## II. Analysis

### A. Objection to Opinion and Order (ECF No. 193)

Owusu's first objection regards Magistrate Judge Majzoub's non-dispositive opinion and order denying Owusu's motion to strike (the "Order"). (ECF No. 193.) The Corizon defendants filed a reply in support of their motion for summary judgment on January 14, 2019. (ECF No. 173.) Owusu filed a motion to strike the reply as untimely. (ECF No. 177.) The Order denied Owusu's motion to strike and declined "to entertain the

parties' quibbling over the timeliness of Plaintiff's and the Corizon Defendants' responsive briefing." (ECF No. 193, PageID.4100.)

Generally, "[c]ourts have wide discretion to manage their own dockets." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); and *see In re Univ. of Mich.*, No. 19-1636, 2019 U.S. App. LEXIS 25304, at *6, --- F.3d.--- (6th Cir. Aug. 23, 2019) ("Congress has given district courts great control over their dockets. After all, the modern federal district judge faces a challenge—she must balance administering just and lawful outcomes with the need to move cases along.")

Owusu's objection on a non-dispositive pretrial matter will only be granted if he can show that "any part of the order [ ] is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

Owusu argues that the Order is "contrary to law" and "highly prejudicial" because "in almost verbatim fashion, the [M]agistrate [J]udge adopted the defendants' arguments that plaintiff failed to

exhaust administrative remedies without carrying their 'high burden' of persuasion in their summary judgment motion." (ECF No. 198, PageID.4156.) Owusu's argument is conclusory and does not identify a clear error committed by the Magistrate Judge requiring that the Order be set aside. The Order was well within the Magistrate Judge's discretion to manage the docket in this case. Therefore, this objection is overruled.

### B. Objections to R&R

Next are Owusu's objections to the R&R. For the reasons set forth below, his objections are overruled.

### i. *Legal Standard for Objections on Dispositive Motions*

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already

presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Owusu's objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F. 3d at 346. Because Owusu is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### ii.    Objection 1

Owusu's first objection can be distilled into four groups. His first argument regards grievances that Owusu did not fully exhaust –these

grievances are thus barred from forming the foundation of this case. The second regards the grievances that Owusu admits were satisfied at Stage II, were not exhausted, and are therefore barred from suit. The third regards the grievance that Owusu argues was regarding an "ongoing" violation, which, if true, would exempt its' subject matter from the grievance timing requirements. The fourth regards the grievance rejected for vagueness due to matters related to Owusu's name change as well as his challenge to the MDOC name change policy.

### MDOC's Grievance Policy

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust the available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 519–20 (2002); *Booth v. Churner*, 532 U.S. 731, 736 (2001). To exhaust administrative remedies, "prisoners must complete the administrative review process in accordance with the applicable procedural rules[,] rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

MDOC Policy Directive 03.02.130 (the "Grievance Policy") outlines the three-step grievance exhaustion process for satisfying the PLRA. (ECF No. 125-2, PageID.1284–1290.) First, the Grievance Policy requires that the prisoner "attempt to resolve the issue with the staff member involved two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control[.]" (*Id.* at PageID.1286.) Then, "[i]f the issue is not resolved, the prisoner may file a Step I grievance" which "must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff." (*Id.*) The Grievance Policy then allows for a Step II and Step III grievance to be filed under certain circumstances, if the prisoner is dissatisfied with the outcome of the earlier step. (*Id.* at PageID.1286–1289.)

The Grievance Policy is specific where it states, "[c]omplaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies *only when filed as a grievance through all three steps of the grievance process in compliance with this policy*." (*Id.* at PageID.1284 (emphasis added).)

In its supplemental response to Owusu's objections, (ECF No. 203), the Corizon defendants clarify that the requirement that grievances be

pursued through Step III means that the prisoner must mail the Step III appeal to the Grievance Section of the Office of Legal Affairs in Lansing MI. (*Id*. at PageID.4297.) Owusu was quite familiar with this procedure. The Grievance Section had previously logged seventy-two Step III grievance appeals from Owusu. (*Id*. at PageID.4298; ECF No.203-1, PageID.4305.)

Under the Grievance Policy, each grievance received at Step III, including those that are rejected, "shall be logged on a computerized grievance tracking system." (ECF No. 125-2, PageID.1289.) Grievances may be rejected for reasons such as timeliness or vagueness. (*Id*. at PageID.1285.) Defendants filed a copy of Owusu's Step III Grievance Report as an exhibit attached to an earlier motion for summary judgment, along with an affidavit of Carolyn Nelson, Departmental Technician, declaring that she generated Owusu's Step III Grievance Report from the MDOC tracking system. (ECF No. 125-3, PageID.1293.)

In the Corizon defendants' supplemental response to Owusu's objections, Richard D. Russell—the Manager of the Grievance Section of the MDOC—submitted a sworn statement outlining the grievance procedure, including the process for creating the Step III Grievance

Report. (ECF No. 203-1.) Any grievances which were not logged on the Step III Grievance Report "were never received at the Grievance Section," and are therefore not fully exhausted under the Grievance Policy. (*Id.*)

"A prisoner must exhaust available administrative remedies" in compliance with applicable deadlines and procedural rules, "even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process." *Cochran v. Caruso*, No. 07-228, 2008 WL 397597, at *3 (W.D. Mich. Feb. 11, 2008); *Woodford v. Ngo*, 548 U.S. 81, 90–95 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999); *Sango v. LeClaire*, No. 15-136, 2016 WL 4441532, at *2–3 (W.D. Mich. Aug. 1, 2016), report and recommendation adopted, No. 15-136, 2016 WL 4431490 (W.D. Mich. Aug. 18, 2016) (citing *Porter v. Nussle*, 534 U.S. 516, 520 (2002)). "Compliance with the prison grievance procedures . . . is all that is required by the PLRA to properly exhaust." *Cochran*, 2008 WL 397597, at *3 (citing *Jones*, 549 U.S. at 218).

Importantly, under the PLRA, there is no exception to the exhaustion requirement "for 'exigent circumstances,' be they medical exigencies or otherwise." *Boulding v. Mich. Dept. of Corr.*, No.13-14325

2015 WL 136195, at *2 (E.D. Mich. Jan. 5, 2015); *Cochran*, 2008 WL 397597, at *5 (collecting cases). As a result, "[w]hen a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate." *Williams v. Norton*, 23 Fed. App'x 396, 397 (6th Cir. 2001) (citing *Freeman*, 196 F.3d at 645; *Brown v. Toombs*, 139 F.3d 1002, 1104 (6th Cir. 1998)).

### *Grievances 3047, 3275, 0269, 1247, 0817, 1208, and 0817*

In his objections, Owusu submitted documents reflecting grievances 3047 regarding spondylosis of his cervical spine (ECF No. 198, PageID.4208–4211), 3275 regarding liver disease causing severe itching and bleeding from scratching (*id.* at PageID.4217–4220), 0269 regarding allegations that defendant Millette falsified documentation from a medical visit for suspected Paget's disease symptoms (*id.* at PageID.4221–4225), 1247 regarding allegations that Owusu was denied treatment for hepatitis C (*id.* at PageID.4226–4229), 0817 regarding a co-pay charge for a follow-up appointment regarding hepatitis C (*id.* at PageID.4230–4233), and 1208 regarding rheumatoid arthritis (*id.* at

PageID. 4238–4241). He argues that these documents are evidence that he exhausted the grievance process as to those grievances.

Owusu did not attach these documents to his response to defendants' motions for summary judgment and that was the appropriate time to file them for consideration. (*See* ECF Nos. 172, 189.) A district court has discretion whether to look at new arguments or evidence presented for the first time in objections to an R&R. *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The Court need not "summarily accept[ ] or deny[ ]" the new evidence. *Muhammad*, 2009 WL 8755520, at * 2 (quoting *Howell*, 231 F.3d at 621). The "magistrate judge system was designed to alleviate the workload of district courts . . . [and] [t]o require a district court to consider evidence not previously presented to the magistrate would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Howell*, 231 F.3d at 622 (citations omitted). "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second

round." *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *see also United States v. Cantrell*, No. 18-8, 2018 WL 5877214 (E.D. Ky. Nov. 9, 2018). To summarily accept and consider Owusu's new documents as evidence of exhaustion this late in the litigation, after considerable resources have been spent by the parties, would frustrate the fair and efficient administration of justice. Accordingly, the Court declines to consider them.

But even if the Court were to consider these documents, they do not demonstrate exhaustion at Step III of the grievance procedure. A plaintiff can demonstrate a genuine issue of material fact as to exhaustion when the plaintiff submits a completed grievance appeal form and a declaration or affidavit that they pursued the grievances through Step III. *See, e.g., Lowe v. Prison Health Serv.*, No. 13-10058, 2014 WL 4605285, at *2 (E.D. Mich. Sept. 15, 2014) (affidavit and completed grievance appeal form created a genuine issue of material fact as to whether plaintiff exhausted his administrative remedies); *Hembree v. Carter*, No. 12-13036, 2013 WL 3946062, at *4 (E.D. Mich. July 31, 2013) (finding a grievance unexhausted where the grievance was not listed in the Step III grievance report and plaintiff did not provide an affidavit

supporting his assertion that he filed a Step III appeal or any corroborating evidence, such as a copy of the grievance or evidence of mailing the grievance).

Here, grievances 3047, 3275, 0269, 1247, 0817, 1208, and 0817 are not logged on the Step III Grievance Report and there is no evidence that they were ever submitted to or received by the Grievance Section in Lansing. (ECF No.125-3 at 1294–1311.) Unlike the earlier instances in this case where Owusu submitted copies of his grievance appeals and a declaration in support of his contention that he exhausted all three steps (ECF No. 127, PageID.20–23), he did not include a similar declaration for these grievances. There is no genuine issue of material fact as to whether Owusu exhausted his administrative remedies, and the R&R's finding that grievances 3047, 3275, 0269, 1247, 0817, 1208, and 0817 were not exhausted is correct. Owusu is barred from suit on the issues contained in those grievances. Owusu's objections regarding grievances 3047, 3275, 0269, 1247, 0817, 1208, and 0817 are overruled.

### *Grievances 1777 and 1837*

Owusu next argues that he exhausted grievances 1777 and 1837 even though they do not appear on the Step III Grievance Report. (ECF

14

No. 198, PageID.4157–4158.) Magistrate Judge Majzoub noted that there was no evidence that grievances 1777 and 1837 existed. She stated, "to the extent that Plaintiff filed grievances with identifiers of 1777 and 1837 against Defendants Buller and Grahn, he did not pursue them through Step III of the grievance process, and any claims contained within were not properly exhausted in accordance with MDOC policy." (ECF No. 194, PageID.4112.) In his objections, Owusu attaches grievances 1777 and 1837 as exhibits (see ECF No. 198, PageID.4196–4202) but, as set forth above, submissions of new facts at this stage in the litigation will not be considered. Moreover, they are not on the Step III Grievance Report, so the conclusion that Owusu failed to exhaust these grievances remains unchanged.

In his objections, Owusu admits that he was satisfied with the defendants' Step II response—which resulted in him receiving the corticosteroid injections and Excedrin that were the subjects of the grievances—and he admits that he did not proceed to Step III of the grievance procedure. (*Id*.) This admission that he has not exhausted grievances 1777 and 1837 is dispositive. *Booth*, 532 U.S. at 741; *Freeman*,

196 F.3d at 643. Owusu is barred from seeking legal redress on those grievances.

Owusu concedes that he did not name defendant Grahn at Step I of grievance 2016. (ECF No. 198, PageID4157.) This admission is dispositive as to grievance 2016. In general, where a grievance fails to name a defendant at Step I, the grievance as to that defendant is waived. *See Mattox v. Edelman*, 851 F.3d 583, 590–91 (6th Cir. 2017) (citing *Reed–Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying all relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation in the process."). Therefore, Owusu's objections regarding grievances 1777 and 1837 are overruled.

### *Grievance 0567*

Grievance 0567 was rejected as untimely because Owusu failed to attempt to resolve the issue under the Grievance Policy's requirement that the matter first be addressed within two business days. (ECF No.

125-2, PageID.1286.) In his objection, Owusu argues that the content of grievance 0567 was "ongoing" and not a "discrete act of harm" subject to the Grievance Policy deadlines. (ECF No. 125-2, PageID.1286.)

This is the same argument that Owusu made before the Magistrate Judge, and he does not point to a legal error. For this reason, it is not a proper objection. "The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Pearson v. Comm'r of Soc. Sec.*, No. 15-14031, 2017 U.S. Dist. LEXIS 48379, at *7 (E.D. Mich. Mar. 31, 2017) (citing *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL1304470 *3 (W.D. Mich. Mar. 28, 2013) ("Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge. This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations."); *Davis v. Caruso*, No. 07-10115, 2008 U.S. Dist. LEXIS 13713, at *5 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where Plaintiff "merely rehash[ed] his arguments" made before the Magistrate Judge)).

Even so, a review of the R&R's recommendations regarding grievance 0567 leads to the same outcome. While the Sixth Circuit recognizes that certain circumstances may warrant a finding of "ongoing violations" that could excuse strict adherence to the grievance procedure, those circumstances are not present here. *See, e.g.*, *Siggers v. Campbell*, 652 F.3d 681, 692–93 (6th Cir. 2011) (holding that an ongoing violation excusing the deadlines may be found when the grievance itself regards an ongoing, chronic issue). Grievance 0567 addresses a specific issue, namely, the Corizon defendants' decision to discontinue prescribing Excedrin on March 21, 2012. (ECF No.155-9, PageID.2079–2083.) While Owusu argues in his objections that he sought Excedrin to address chronic and ongoing pain, the subject of grievance 0567 was the discontinuation of Excedrin, not the ongoing pain. Accordingly, Owusu's objection regarding grievance 0567 is overruled as improper and without merit.

### Grievance 3208

Owusu's next objection regards grievance 3208, which was rejected as untimely at Step III, (ECF No.125-3 at PageID.1328), and Owusu argues that his timeliness should be excused because he was in the

process of a transfer from one facility to another at that time. (ECF No.198, PageID.4160.) The Grievance Policy states that a grievance must be timely or it will be rejected, but a grievance "shall not be rejected if there is a valid reason for the delay; e.g., transfer." (ECF No. 125-2 PageID.1285.) Owusu argues that defendants' Step II response to 3208 was returned to him on November 4, 2015, and thus his Step III deadline would have been November 19, 2015. However, because of his transfer on November 17, 2015, Owusu argues, defendants did not receive his Step III grievance until December 1, 2015.[2]

Owusu never raised the issue of his transfer affecting the timing of his Step III appeal of grievance 3208 until now. He did not raise this in his responses to defendants' motions for summary judgment, and therefore the Magistrate Judge did not consider this argument. (ECF Nos. 172, 189.)  Again, it is in the Court's discretion whether to consider new arguments presented for the first time after an R&R has been issued. *See Muhammad*, 2009 WL 8755520, at * 2.  For the reasons set forth above, the Court declines to consider this new argument at this stage in

---

[2] Owusu mentions, but does not develop the argument, that he "likely did not receive [the Step II response] for 5–7 days" after November 4, 2015. Since this is speculative and unsubstantiated, it will not be considered.

the litigation. Moreover, this case has been pending since 2016, and, although self-represented, Owusu has proven himself capable of addressing many issues at the appropriate stage in the process, i.e. before the Magistrate Judge issues an R&R. Indeed, in response to MDOC's motion for summary judgment as to exhaustion only, (ECF No. 125), Owusu argued that this same transfer should excuse his untimeliness as to a different grievance. (ECF No. 127.) Particularly since Owusu made this same argument about a different grievance in this case at the appropriate time, his efforts to raise this argument now will not be excused. Owusu's objection regarding grievance 3208 is overruled.

### *Grievance 0104*

Owusu's next argument is difficult to discern. As far as the Court understands, Owusu argues that MDOC policy 03.01.110 is "inherently contradictory and arbitrary." (ECF No.198, PageID.4161–4163.) Therefore, he argues that his grievance 0104 should not have been rejected for vagueness for failing to include his committed name. (ECF No.198, PageID.4161–4163.) Owusu's objection does not identify a legal error made by the Magistrate Judge that would warrant a different

outcome. *See Pearce*, 893 F. 3d at 346. Accordingly, his objection is improper and is overruled.

But even so, Owusu's argument lacks merit. Owusu changed his name from Nathaniel Porter to Nathaniel Owusu while imprisoned. MDOC Policy Directive 03.01.110 regards prisoner name changes. *See* https://www.michigan.gov/documents/corrections/03_01_110_347871_7. pdf. A plain reading of MDOC Policy Directive 03.01.110 shows it is not inherently contradictory. It states that a prisoner may change his/her name only by court order. *Id*. Despite permitting a legal name change, the policy provides that commitment names will continue to be used in certain circumstances. *Id*. For example, (1) prisoners must use their commitment name on all official department forms and documents throughout the prisoner's incarceration; (2) commitment names and legal names shall be cross-referenced and used at the information desk, mail room, and in computerized records; and (3) identification cards must include both commitment and legal names. *Id*.

Next, the policy addresses prison employees, and states that employees "should" refer to the prisoner by their legal name, "if known." *Id*. It also provides that a prisoner cannot be excused from obeying an

order or directive given by an employee using their commitment name. *Id*. And finally, in the same paragraph regarding prison employees' use of legal names, the policy states that a prisoner "shall not be forced to refer to themselves by their commitment name if they have a new legal name." *Id*.

A policy requiring a commitment name to be used on official forms and records, i.e., a grievance form, does not contradict a policy prohibiting prison employees from forcing a prisoner to refer to themselves by their commitment name. It was thus permissible under the policy for defendants to reject grievance 0104 for not containing Owusu's commitment name, and Owusu's objection is overruled.[3]

### iii. Objection 2

In his second objection, Owusu argues that the Magistrate Judge did not consider the record as a whole in the light most favorable to him. (ECF No. 198, PageID.4164.) The Court has carefully reviewed the R&R, and the Magistrate Judge applied the correct standard. Owusu disagrees

---

[3] The R&R correctly notes that grievance 0104 was rejected for two separate reasons: because it was vague and because it failed to include Owusu's commitment name. (ECF No. 194, PageID.4121.) Owusu's objection, as far as the Court can discern it, only applies to the rejection for failing to include Owusu's commitment name.

with the overall outcome of the R&R, which is not a proper objection. See *Miller*, 50 F.3d at 380. Accordingly, Owusu's second objection is overruled.

### iv. Objection 3

Owusu categorizes his third objection as regarding deliberate indifference, and he presents multiple sub-arguments. First, Owusu argues that the Magistrate Judge did not consider the greater context surrounding grievance 2297. Second, he argues that the Magistrate Judge's conclusion that pruritis is not a "serious medical condition" was incorrect. Third, he argues that grievance 3377, in a larger context, is evidence of ongoing worsening of plaintiff's symptoms, which he argues the Magistrate Judge did not consider. Fourth, he argues that defendant Wilson's decision not to request an MRI led to delayed treatment, which raises an issue of material fact. Fifth, he argues that defendants Kerstein and Borgerding's decisions countered Owusu's treating physicians' recommendations regarding his joint pain, and that the Magistrate Judge erred in finding that these decisions merely constitute a disagreement over treatment. Sixth, he argues that defendant Paquette's offer of two Tylenol when Owusu had a history of chronic pain constituted

inadequate care, and that defendants engaged in deliberate falsification of subjective reports to deny him emergency treatment. Seventh, he argues that the Magistrate Judge failed to consider the effect that delayed treatment of Owusu's HCV had on his health condition.

All of these arguments were presented to the Magistrate Judge, and none of Owusu's objections identify a specific error. *See Pearson,* 2017 U.S. Dist. LEXIS 48379, *7; *Davis v. Caruso*, No. 07-10115, 2008 U.S. Dist. LEXIS 13713, at *5 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where Plaintiff "merely rehash[ed] his arguments" made before the Magistrate Judge)). Even though the Court is not required to reassess Owusu's arguments, the Court has carefully reviewed the R&R and its legal conclusions are correct. Accordingly, Owusu's third objection is overruled.

### v. *Objection 4*

Owusu's fourth objection is vague and essentially a summary of his disagreement with the ultimate outcome of the R&R. (ECF No. 198 PageID.4182.) Since the objection is vague, the Court is left to guess its specific meaning, and therefore the objection is not proper. "[O]bjections must be clear enough to enable the district court to discern those issues

that are dispositive and contentious." *Miller*, 50 F.3d at 380. An objection that does not satisfy this standard fails. *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object.") Accordingly, Owusu's fourth objection is overruled.

## III. Conclusion

For the reasons set forth above, plaintiff's objections (Dkt. 198) are DENIED. The R&R is ADOPTED. The Corizon and MDOC defendants' motions for summary judgment are GRANTED. Owusu's motion to expand record is DENIED AS MOOT. This matter is dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 24, 2019          s/Judith E. Levy
      Ann Arbor, Michigan          JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager