UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nathaniel K. Owusu,
a.k.a. Nathaniel Porter,

               Plaintiff,        Case No. 16-cv-12490

v.                                Judith E. Levy
                                    United States District Judge
Michigan Department of
Corrections Pain Management   Mag. Judge Mona K. Majzoub
Committee, et al.,

               Defendants.

_____/

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [210]

Before the Court is Plaintiff Nathaniel K. Owusu's post-judgment motion for reconsideration of the Court's order adopting the Report and Recommendation and denying Plaintiff's objections. (ECF No. 210.)

In 2017, Plaintiff filed this *pro se* suit against defendants Corizon Health, Inc., Keith Papendick, M.D., Susan Wilson, N.P., Bryan Buller, M.D., Corey Grahn, N.P., Danielle Paquette, P.A., Michael Milette, P.A., Craig Hutchinson, M.D., and Oliver Johnson, M.D. (together, the "Corizon Defendants"), as well as the Michigan Department of Corrections ("MDOC") Pain Management Committee, William

1

Borgerding, Gary Kerstein, Teri Byrne, Theresa Merling, and Michael Brown (together, the "MDOC Defendants"). Plaintiff alleged violations of his First, Eighth, and Fourteenth Amendment rights stemming from his medical treatment while in prison. (ECF No. 1.) Plaintiff alleged that he suffers from, among other conditions, degenerative musculoskeletal disease that causes him chronic pain. (ECF No. 1, PageID.7–9.)

Both the MDOC and Corizon Defendants moved for summary judgment in 2018. (ECF Nos. 155, 185.) Magistrate Judge Mona K. Majzoub issued a report and recommendation on July 19, 2019 ("R&R"), recommending that Defendants' motions for summary judgment be granted and the case be dismissed. (ECF No. 194.) Plaintiff objected to the R&R, and, after careful consideration, the Court denied his objections and adopted the R&R. (ECF No. 208.) The Court also denied as moot Plaintiff's motion to expand the record in the same opinion and order. A final judgment was issued on September 24, 2019. (ECF No. 209.) Now, Plaintiff moves for reconsideration of those decisions. For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

**I.   Legal Standard**

2

A motion under Federal Rule of Civil Procedure 59(e) may be utilized in timely attempts to alter or amend a judgment.[1] *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)). A Rule 59(e) motion is properly analyzed as a motion for reconsideration. *United States v. Savage*, 99 Fed. App'x 583, 583 (6th Cir. 2004).

To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). A movant demonstrates a "palpable defect" if they are able to prove a "(1) a clear error of law; (2) newly discovered evidence; (3)

---

[1] As a threshold issue, motions to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the judgment was entered on September 24, 2019. (ECF No. 209.) Plaintiff's motion is dated October 22, 2019 (ECF No. 210) and is therefore timely under the prisoner's mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 273 (6th Cir. 2002).

3

an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use . . . a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

**II. Analysis**

Plaintiff presents three arguments in his motion for reconsideration. First, he argues that the Court erred in rejecting as untimely the documents he submitted in support of his argument that he exhausted grievances 3047,[2] 3275, 0269, 1247, 0817, and 1208. Specifically, Plaintiff argues that he was not required to submit documentary evidence that these grievances were exhausted earlier in

---

[2] As in the opinion and order adopting the R&R (ECF No. 204), the Court adopts the parties' short-hand manner of referring to grievances by their middle four digits. For example, grievance 15-3047-28E is referred to as grievance 3047, grievance 14-3275-12F as grievance 3275, and so on.

4

the case because the Corizon Defendants never raised exhaustion as an affirmative defense until their reply in support of their motion for summary judgment. Alternatively, Plaintiff argues that he was not required to submit documentary evidence of exhaustion because he had already submitted a declaration on this issue in the form of his verified complaint. He also argues that the Court should take judicial notice of his argument that MDOC has interfered with his ability to exhaust these grievances and bring suit on the subject matter of those grievances.

Second, Plaintiff argues that the Court erred in determining that he was required to exhaust all grievances through Step III of the MDOC Grievance Policy Directive 03.02.130 (the "Grievance Policy") (ECF No. 125-2, PageID.1284–1290), before bringing suit. Specifically, he argues that because he was satisfied with the outcome of certain grievances at Step II, he was not required to appeal those grievances through Step III in order to fully exhaust them.

Third, he argues that the Court erred when it denied his objection regarding MDOC's name-change policy. Specifically, Plaintiff argues that the MDOC Defendants violated their own policy when they allegedly added his committed name to an envelope he received in the mail.

5

For the reasons set forth below, the Court denies Plaintiff's motion for reconsideration.

**A. Exhaustion of Grievances 3047, 3275, 0269, 1247, 0817, and 1208**

*1. Timing*

Plaintiff argues that the Corizon Defendants did not raise the exhaustion defense regarding grievances 3047, 3275, 0269, 1247, 0817, and 1208 until their reply in support of their summary judgment motion. He argues that this left him with no opportunity to provide support for his argument that they were exhausted until he filed his objections to the R&R, at which point the Court declined to accept new evidence of exhaustion. (ECF No. 210, PageID.4390.) However, Plaintiff's timing argument regarding when the exhaustion defense was first raised in this case is not accurate, as set forth below.

Plaintiff first raised the issue of exhaustion in his complaint, where he states, "[a]ll administrative remedies have been exhausted through Step III, as required."[3] (ECF No. 1, PageID.3.) The first time the Corizon

---

[3] Plaintiff's *pro se* complaint is 170 pages long and cited to nearly thirty grievances. While it raised concerns regarding his various medical conditions and attempts to obtain medical care in the manner he believed appropriate, it was also, at times, difficult to follow and has been construed liberally throughout this case.

Defendants raised the exhaustion defense was in their motion for summary judgment.[4] (ECF No. 155.) They argued that Plaintiff failed to exhaust generally. They also specifically referenced grievances 2297, 2016, 2160, 0567, 2902, 3208, 3315, 3377, 0007, 3048, 0246, 0192, 0104, and 0598. (ECF No. 155, PageID.2001–2006.)

In Plaintiff's opposition to the Corizon Defendants' summary judgment motion, he addressed the grievances set forth above, and for the first time, asserted that he exhausted grievances 3047, 3275, 0269, 1247, 0817, and 1208. (ECF No. 172.) Plaintiff could have submitted documentary evidence of their exhaustion with his opposition, but he did not do so.

In their reply, the Corizon Defendants opposed Plaintiff's assertion that grievances 3047, 3275, 0269, 1247, 0817, and 1208 were exhausted. (ECF No. 173.) After Magistrate Judge Majzoub recommended finding in

---

[4] The Corizon Defendants did not file a responsive pleading in this case and were not required to do so, given the nature of the case. *See* 42 U.S.C. §1997e(g)(1) ("[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. . . such waiver shall not constitute an admission of the allegations contained in the complaint.").

7

favor of Defendants, Plaintiff submitted documentary evidence purporting to show exhaustion of grievances 3047, 3275, 0269, 1247, 0817, and 1208 along with his objections to the R&R.

Although the Court has liberally construed Plaintiff's filings throughout this case due to his *pro se* status, it is not obligated to consider untimely-filed documents accompanying his objections. *See Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009); *United States v. Howell*, 231 F.3d 614, 621 (9th Cir. 2000). The Court ordered Defendants to respond to Plaintiff's objections by addressing whether the Court should consider the late-submitted items. After careful consideration, the Court determined that it need not consider those documents, and the Court granted summary judgment in favor of Defendants.

In sum, Plaintiff's characterization of when the exhaustion defense was raised is not accurate.[5] Plaintiff's decision not to fully present his

---

[5] Plaintiff cites to *Hudson-Bey v. Martin*, No. 00-389, 2002 U.S. Dist. LEXIS 9275 (W.D. Mich. May 23, 2002), as an example of a case where the defendant raised the exhaustion defense for the first time in his objections to an R&R, and the court considered the documents. But the timing in this case is different.

exhaustion argument at the appropriate time does not result in a palpable error requiring reversal.

> a. *Consideration of the documents does not result in a different disposition*

Even if the Court had considered the documents Plaintiff submitted with his objections to the R&R, a different disposition of the case would not result. The Corizon Defendants argued that Plaintiff did not exhaust grievances 3047, 3275, 0269, 1247, 0817, and 1208. They relied on Ms. Carolyn Nelson's and Mr. Richard Russell's affidavits in support of their arguments. (ECF No. 125-3, PageID.1293; ECF No. 203-1, PageID.4302–4306) This evidence sufficiently met the Corizon Defendants' burden of demonstrating that Plaintiff did not fully exhaust those grievances. The documents Plaintiff submitted with his objections to rebut that burden do not contain any indication on their face or otherwise that they were exhausted. For example, there are no indications that Plaintiff properly submitted them or attempted to submit them to MDOC for a Step III appeal. Nor do they demonstrate that Plaintiff received a Step III response from MDOC. (*See* ECF No. 198, PageID.4208–4211, 4217–4220, 4221–4225, 4226–4229, 4230–4233, 4238–4241.) Failure to exhaust through Step III is a bar to suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007)

("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Accordingly, the documents do not demonstrate exhaustion, and reconsideration is not warranted.

### 2. *Verified Complaint as Evidence of Exhaustion*

Plaintiff next argues that the Court committed a palpable error when it did not consider his verified complaint as sufficient evidence of exhaustion. A verified complaint carries the same weight as an affidavit for the purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). Plaintiff argues that a prisoner need only rely on either an affidavit or documentary evidence of exhaustion, and that he was not required to provide both. Thus, the argument goes, he created a genuine issue of material fact from the start of the litigation because his verified complaint alleged that he exhausted his grievances.

However, the statement in Plaintiff's verified complaint, even when viewed in the light most favorable to Plaintiff, is not enough evidence to overcome summary judgment in favor of Defendants. Plaintiff's verified complaint states, "[a]ll administrative remedies have been exhausted through Step III, as required." (ECF No. 1, PageID.3.) Yet, "affidavits

containing mere conclusions have no probative value" in summary judgment proceedings. *Powell-Pickett v. A.K. Steel, Corp.*, 549 Fed App'x 347, 354 (6th Cir. 2013) (citing *Bsharah v. Eltra Corp.*, 394 F.2d 502, 503 (6th Cir. 1968)).

The party opposing a summary judgment motion "may not rest on the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under the "substantive evidentiary standard that applies to the case," Plaintiff's single conclusory sentence does not create a factual dispute that "requires submission to a jury."[6] *Id.* at 256–257. *See also Williams v. Browman*, 981 F.2d 901, 904 (6th Cir. 1992) (finding that for evidentiary purposes, plaintiff's verified complaint, which contained "nothing but mere

---

[6] Plaintiff cites to *Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004), in support of his argument that the allegations in his verified complaint should have been enough evidence to overcome summary judgment in the Corizon Defendants' favor. But *Boyd* is distinguishable. The *Boyd* plaintiff's exhaustion allegation in his complaint was sufficiently detailed to satisfy his burden of describing the administrative proceedings and outcomes in absence of documentary evidence. *Id.* at 996. Moreover, *Boyd* addressed a motion to dismiss, which applies a different legal standard.

11

conclusory allegations" could not survive a motion for summary judgment" in favor of the defendants).

This case is distinguishable from the facts of *Ford v. Smith*, to which Plaintiff cites. No. 17-164, 2019 WL 4316163 (W.D. Mich., Sept. 12, 2019). In *Ford*, the plaintiff argued and presented evidence that MDOC refused to process his grievance through no fault of his own, and the defendants never opposed this allegation. The court found this was an issue of material fact that precluded summary judgment in the defendant's favor. Here, no such arguments or evidence was presented.

Similarly, the allegations in the plaintiff's complaint in *Lowe v. Prison Health Services*, No. 13-10058, 2014 WL 4605285 (E.D. Mich. Sept. 15, 2014) (Berg, J.), to which Plaintiff also cites, were more detailed than here. In *Lowe*, the plaintiff attached his grievance form along with an affidavit stating he never received a response earlier in the disposition of the case. This created an issue of material fact with respect to exhaustion. *Id.* at *2. No similar circumstances or arguments are present here.

In sum, Plaintiff's single conclusory statement in his verified complaint is not enough to overcome summary judgment in favor of the

Corizon Defendants. There is no palpable error requiring reconsideration, and therefore summary judgment in favor of the Corizon Defendants was appropriate.

### 3. Interference with Exhaustion

Plaintiff also asks that the Court consider an argument he presents for the first time on reconsideration. He argues that prison mailroom staff interfered with mailing his Step III appeals for grievances 0347, 3275, 0269, 1247, 0817, and 1208 for retaliatory reasons. (ECF No. 210, PageID.4383–4384.) The Court declines to consider this argument, as it is untimely and has been waived. *See Am. Family Prepaid Legal Corp. v. Columbus Bar Assoc.*, 498 F.3d 328, 335 (6th Cir. 2007) (finding arguments not raised during previous proceedings were later waived); *Am. Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir.1984) (finding that issue raised for the first time in motion to reconsider issuance of injunction was untimely and waived). Accordingly, Plaintiff's request is denied.

**B. Satisfaction with the Outcome at Step Two**

Plaintiff next argues that because he was satisfied with the Step II outcome of certain of his grievances, he was not required to exhaust those grievances through Step III before bringing suit. Plaintiff is incorrect.

The Grievance Policy states, "[c]omplaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies *only when filed as a grievance through all three steps of the grievance process in compliance with this policy*." (ECF No. 125-2, PageID.1284 (emphasis added).) If prisoners were permitted to bring suit despite being satisfied with an earlier step in the grievance process, the purpose behind any grievance procedure, which is to resolve and reduce prisoner litigation, would be thwarted. Accordingly, Plaintiff's admission that he was satisfied with the outcome of certain grievances and did not pursue them through Step III is a bar to litigation of the issues set forth in those grievances. Therefore, there is no palpable defect requiring a different outcome and Plaintiff's motion for reconsideration is denied.

**D. Legal Name Change**

Plaintiff raises the same argument he raised earlier in this case regarding his legal name change. Plaintiff's argument regarding his legal

name change was difficult to discern in his objections and, although presented slightly differently now, is still unclear and undeveloped. From what the Court understands, Plaintiff argues that he received a piece of mail in prison from Michigan's 30th Judicial Circuit Court, on which he states his name was written "Nathaniel Owusu," which is Plaintiff's legal name. Then, he argues that a sticker was placed on top of the address label, which states "Nathaniel Porter," which is Plaintiff's commited name. Plaintiff argues that the prison mail staff added the sticker stating "Nathaniel Porter" to the envelope in violation of the MDOC name change policy, and that this act also constitutes fraud. Plaintiff presents the same argument as he made earlier in this case, without identifying a palpable defect warranting a different outcome. For this reason, Plaintiff's motion for reconsideration is denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF No. 210) is denied.

IT IS SO ORDERED.

Dated: February 4, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

15

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
